24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Calvin Lee HOLLOWAY, Petitioner-Appellant,
v.
A. OLIVAREZ, Warden, et al., Respondent-Appellee.
 No. 93-16915.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 14, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Calvin Lee Holloway, a state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 petition. After trial by jury, Holloway was convicted of robbery and sentenced to a three-year middle term for the conviction plus two five-year prior conviction enhancements for a total term of thirteen years. Holloway contends that the district court erred when it denied his claims for insufficiency of the evidence, prosecutorial misconduct, prejudicial evidence, ineffective assistance of trial and appellate counsel and cumulative error. We have jurisdiction under 28 U.S.C. Sec. 2253. We accept the district court's factual findings unless clearly erroneous, review its conclusions of law de novo, Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990), and affirm.
 
 
 3
 On May 17, 1990, in a department store parking lot, a shirtless man knocked down seventy-four year old Bernice Brumbaugh from behind and grabbed her purse. The robbery was witnessed, from approximately sixty feet away, by Harold Fowler who was sitting in a parked van talking with Tom Vickery. Fowler saw the assailant knock Brumbaugh down and then run to a slowly moving white Ford and climb in the passenger window. Fowler went to help Brumbaugh and Vickery followed the Ford which was leaving the parking lot. Vickery stopped a passing police car, informed Officer Joe Pitman of the robbery and pointed out the Ford which, as they spoke, turned back into the parking lot. With the assistance of another officer, Officer Pitman apprehended Holloway and Gerald Ragsdale. Brumbaugh's purse was found in the Ford.
 
 
 4
 In his police report, Officer Pitman wrote that Ragsdale was in the passenger seat. At trial, however, Officer Pitman testified that without ever losing sight of the Ford, he pulled in along side of the car and saw Ragsdale sitting in the driver's seat trying to start the car. Holloway got out of the passenger's side of the car and told the officer that they had just run out of gas. As the two men started to walk away, the officer ordered the men to stop. Holloway stopped and the officer handcuffed him and put him in the back seat of the patrol car. Ragsdale ran and the officer broadcast a description of Ragsdale who was apprehended by another officer and returned to where Holloway was being detained.
 
 
 5
 At the scene, Brumbaugh identified Holloway as her assailant but was not certain because she was approached from behind and did not get a good look at her assailant. At the preliminary hearing, she conditionally identified Ragsdale as her assailant.
 
 
 6
 Fowler identified Holloway at the scene and was positive that he was the assailant. Fowler testified at trial that at the time of the robbery he had a clear view of the assailant's head and shoulders above Brumbaugh's head but did not get a full view of the assailant's face; he had not seen tattoos or scars on the assailant; and the assailant wore blue jeans and no shoes or some type of thin shoe.
 
 
 7
 Evidence at trial indicated that Holloway was over six feet tall, Ragsdale was five feet four and Brumbaugh five feet six.
 
 
 8
 At trial, Holloway displayed for the jury prominent tattoos on his arms and back, including a large swastika on his back, and a scar running from his belt line to his solar plexus. Ragsdale has a small tattoo on his shoulder and a swastika tattooed on his arm, but none on his back. Officer Pitman's police report stated that Holloway was wearing grey Levi's and brown leather sandals. However, the booking report indicated that Holloway wore green nylon pants and red zories. In Officer Pitman's police broadcast, Pitman stated that Ragsdale was not wearing shoes. At trial, however, there was testimony that Ragsdale wore jeans and white tennis shoes.
 
 
 9
 Ragsdale pled guilty and testified at Holloway's trial that he, Ragsdale, was solely responsible for the robbery. According to Ragsdale, he was driving the Ford through the parking lot and Holloway was asleep. Ragsdale stopped the car, got out and grabbed the woman's purse. Ragsdale jumped back into the car through the passenger window and told Holloway, who knew nothing of what had occurred, to start the car. Holloway started to drive but ran out of gas. Holloway turned back into the parking lot, jumped out of the car and said "I'm not involved with any of this." Ragsdale then moved over to the driver's seat and tried to start the car but ran when a police officer pulled up.
 
 
 10
 Holloway insists that Ragsdale, not Holloway, was Brumbaugh's assailant. Holloway contends the evidence is insufficient to support his conviction for robbery for the following reasons: Ragsdale testified he was solely responsible for the robbery; Brumbaugh identified Ragsdale at the preliminary hearing as her assailant; Fowler never viewed the assailant full-face; Fowler did not observe any tattoos or scars on the assailant; Fowler testified the assailant wore blue jeans; and Officer Pitman wrote in his police report that Ragsdale sat in the passenger seat. All of these inconsistencies and discrepancies were raised at trial.
 
 
 11
 Holloway's insufficiency of the evidence argument focuses solely on the question whether he or Ragsdale was Brumbaugh's assailant. Holloway overlooks the fact that he could be convicted of robbery based on an aiding and abetting theory and that his jury was given instructions to this effect.
 
 
 12
 It is the province of the jury to make credibility determinations, weigh the evidence and resolve conflicts in the testimony. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Evidence is insufficient to support a conviction only when no rational jury, based upon the evidence adduced at trial, viewed in the light most favorable to the prosecution, could have found proof of guilt beyond a reasonable doubt. Id.
 
 
 13
 We are satisfied that the evidence adduced at trial was sufficient for a rational jury to find beyond a reasonable doubt that Holloway was guilty of robbery either as an aider and abettor or as the assailant. See id. Consequently, we affirm the district court's denial of this claim.
 
 
 14
 Holloway claims prosecutorial misconduct because the prosecutor, at closing, argued:
 
 
 15
 [T]he defense is asking you to accept the testimony of a person who has a Nazi swastika tattooed on his arm. I think that tells you about the kind of person Mr. Ragsdale is. That offends me. I had family that died in that war fighting the Nazis. It offends me that that man would put a Nazi swastika on his tattoo. It's not even like something you can put on and take off like a tie tac. It's tattooed to him. And that's the kind of man that the defense wants you to believe. [p] Because once again, there are two sides to this one. There are two stories. Either Mr. Ragsdale is being truthful and is the one who did the robbery or he's been lying to you and covering for his friends.
 
 
 16
 The defense did not object to this argument at trial. Holloway claims that these inflammatory remarks not only improperly discredited his witness but also encouraged the jury to convict Holloway based not on the evidence but on undue prejudice as the jury knew that Holloway too had a swastika tattoo.
 
 
 17
 Prosecutorial misconduct is not a ground for relief unless the misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process. Greer v. Miller, 483 U.S. 756, 765 (1987). On collateral review, petitioners are not entitled to relief based on trial error unless they can establish actual error having a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993). The only exception to this rule is a pattern of prosecutorial misconduct, or a deliberate and especially egregious error, which so effected the integrity of the proceedings that habeas relief would be warranted even though it did not substantially influence the jury's verdict. Id. at 1722 n. 9.
 
 
 18
 Although the prosecutor's swastika argument was improper, it did not, under the facts of this case, substantially influence the verdict or so infect the trial with unfairness as to effect the integrity of the proceedings or render Holloway's conviction a denial of due process. See Greer, 483 U.S. at 766-67; Brecht, 113 S.Ct. at 1722 & n. 9.
 
 
 19
 Holloway claims prosecutorial misconduct because the prosecutor, at closing, also argued:
 
 
 20
 It's interesting that when Mr. Ragsdale was initially arrested there at the scene, the officer told him about his Miranda rights and advised him of his right to remain silent and Mr. Ragsdale didn't say a word, right. It's not until a few weeks ago that after he's been in custody, after he's had a chance to talk with Mr. Holloway, that after they've had the chance to cook up the story that Mr. Ragsdale says I did it. Okay. It was just me. Mr. Holloway had nothing to do with it.
 
 
 21
 The defense did not object to this argument at trial. It is constitutional error for a prosecutor to comment upon a defendant's post-Miranda silence. Doyle v. Ohio, 426 U.S. 610, 619 (1976). Here, of course, the comment was directed at defendant's witness, not at defendant. Holloway contends that the prosecutor's comment upon Ragsdale's silence was a veiled comment upon Holloway's silence at trial and that the prosecutor accomplished indirectly what he was prohibited from doing directly.
 
 
 22
 We find the prosecutor's argument regarding Ragsdale's post-Miranda silence troubling. However, under the facts of this case, the prosecutor's comment did not substantially influence the verdict or so infect the trial with unfairness as to effect the integrity of the proceedings or render Holloway's conviction a denial of due process. See Greer, 483 U.S. at 766-67; Brecht, 113 S.Ct. at 1722 & n. 9. See also Namet v. United States, 373 U.S. 179, 189 (1963).
 
 
 23
 We are not convinced that Holloway's other claims of prosecutorial misconduct rose to misconduct.[1] Consequently, we affirm the district court's denial of Holloway's prosecutorial misconduct claims.
 
 
 24
 After being informed by Officer Pitman that he had apprehended two persons who may or may not have been involved with the crime and that they were under no obligation to identify either of them, Brumbaugh and Fowler separately viewed and both identified Holloway as Brumbaugh's assailant. Holloway contends that both identifications should have been suppressed because Holloway was handcuffed and standing alone at the time rather than being selected after being viewed in tandem with Ragsdale. We find nothing improper concerning these identifications. See Stovall v. Denno, 388 U.S. 293, 301-02 (1967); Neil v. Biggers, 409 U.S. 188, 199-200 (1972). Consequently, we affirm the district court's denial of Holloway's prejudicial evidence claim.
 
 
 25
 Holloway claims trial counsel was ineffective for failing to: object to the prosecutor's inflammatory remarks; call an expert witness on eyewitness identification; prepare a more effective defense based on Holloway's green pants than that which was presented at trial; and rebut Fowler's testimony that the white Ford was being driven slowly through the parking lot by reiterating that Ragsdale had testified to the contrary or by presenting any other evidence to rebut that testimony. Holloway also claims counsel was incompetent for failing personally to appear at the time when the jury asked that trial testimony be read and when the jury was polled, times at which Holloway was represented by substitute counsel.
 
 
 26
 In order to prevail on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was both deficient and prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). Failure to make the required showing of either deficient performance or prejudice defeats the claim. Id. at 700. In order to establish prejudice, petitioner must show there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. We see no reasonable probability that the result of Holloway's trial would have been different but for counsel's purported errors.
 
 
 27
 Holloway claims appellate counsel was ineffective for failing to argue that (a) the identifications by Brumbaugh and Fowler were invalid because unduly suggestive and (b) Holloway was the subject of selective prosecution. The identifications by Brumbaugh and Fowler were not produced by undue suggestion. Holloway has failed to offer any evidence to suggest that he was the subject of a selective prosecution. Appellate counsel was not ineffective for failing to argue nonmeritorious issues. Consequently, we affirm the district court's denial of Holloway's claims of ineffective assistance of trial and appellate counsel.
 
 
 28
 Lastly, Holloway argues that the cumulative weight of the errors in his case require reversal. We disagree. Holloway has established two improprieties: the prosecutor's improper comments regarding Ragsdale's swastika tattoo and the prosecutor's improper remarks concerning Ragsdale's post-Miranda silence. We do not look lightly on either of these improper arguments. However, the cumulative weight of these improper arguments did not, under the facts of this case, substantially influence the verdict or so infect the trial with unfairness as to render Holloway's conviction unreliable. See Greer, 483 U.S. at 766-67; Brecht, 113 S.Ct. at 1722. Nor do we find the two improper arguments to constitute either a pattern of prosecutorial misconduct or a deliberate and especially egregious error which so effected the integrity of the proceedings that habeas relief would be warranted even though the verdict was not substantially influenced by the arguments. See Brecht, 113 S.Ct. at 1722 n. 9; see also Namet, 373 U.S. at 189. Accordingly, we affirm the district court's denial of Holloway's cumulative error claim and affirm the denial of his habeas petition.
 
 
 29
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Holloway also claims prosecutorial misconduct for the following reasons: the prosecutor attempted to dissuade Ragsdale from testifying; the state manipulated the circumstances surrounding Ragsdale's inculpatory testimony to disparage Holloway's defense; the prosecutor made improper expressions of personal belief regarding the guilt and character of the accused, the evidence presented and the credibility of defense witnesses